UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.

EBENEZER KOLADE *et al.*
    *Defendants*.

No. 3:22-cv-00459 (JAM)

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The United States government has filed this tax collection action seeking judgment in excess of $2.9 million against the taxpayer defendants Christina and Ebenezer Kolade. The government has moved for summary judgment. The Kolades object, citing evidence that they failed to disclose during discovery and an accountant's conclusory statements about the scope of their liability. Because there is no genuine fact issue as to the accuracy of the government's tax assessments, I will grant the government's motion for summary judgment.

**BACKGROUND**

The Kolades are married physicians who worked together at the New Era Rehabilitation Center in Bridgeport, Connecticut.[1] They hired professional accountants to prepare their joint tax returns from 2011 to 2019.[2] And each year, they filed the returns that the accountants prepared for them.[3] Those returns stated that the Kolades owed at least $100,000 annually—and often much more—on their sizeable income.[4]

Because the Kolades failed to pay the amounts that they claimed to owe, the government filed this tax collection action in March 2022.[5] Following several months of discovery, the

---

[1] Doc. #23 at 5.
[2] Doc. #24 at 2, 4, 6, 8, 10, 12, 15, 17, 19 (¶¶ 3, 10, 20, 27, 35, 43, 51, 58, 65).
[3] *Id.* at 2, 4, 7, 9, 11, 13, 15, 17, 19 (¶¶ 6, 13, 23, 30, 38, 46, 54, 61, 68).
[4] *Id.* at 2, 4, 6-8, 10-11, 13, 15, 17, 19 (¶¶ 4-5, 11-12, 21-22, 28-29, 36-37, 44-45, 52-53, 59-60, 66-67).
[5] Doc. #1.

government filed a motion for summary judgment in May 2023.[6] Its summary judgment motion asserts that the Kolades owe more than $2.9 million in back taxes, interest, and penalties as officially assessed by the Internal Revenue Service.[7] All but about $50,000 of the back taxes due are based on data that the Kolades themselves reported on their returns each year.[8]

The Kolades' response to the government's summary judgment motion was due at the end of June 2023.[9] But just one day before filing their response, the Kolades filed amended returns for the years 2013 to 2019.[10] They then included these amended returns as exhibits to their opposition to the government's motion for summary judgment, along with an affidavit from an accountant—Milagros Mae Villarosa—who is also an attorney at the same law firm that represents the Kolades in this action.[11]

Villarosa's affidavit states that she supervised the preparation and filing of the amended tax returns and that the amended returns were filed because the original returns filed by the Kolades' accountants had mischaracterized certain payments as "self-employment … income" and as "officers' compensation," rather than as "non-taxable return of capital."[12] The affidavit does not further explain this assertion. The affidavit also states without explanation that "some transactions which were booked under the Defendants' officers' compensation account were further mischaracterized in that the transaction was in payment of (or reimbursement to the Defendants for) New Era's ordinary and necessary business expenses."[13]

---

[6] Doc. #19.
[7] Doc. #19-1 at 6.
[8] *Ibid.*
[9] Doc. #21.
[10] Doc. #24 at 21-22 (¶¶ 73-79).
[11] *See* Doc. #23-2 at 1 (¶¶ 1-2); *see also* Docs. #23-3–#23-9.
[12] Doc. #23-2 at 2 (¶¶ 6-8).
[13] *Id.* at 2-3 (¶ 9).

**DISCUSSION**

The principles governing review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proven at trial—to allow a reasonable jury to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close, contested issues of fact but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (*per curiam*); *Roberts v. Genting New York LLC*, 68 F.4th 81, 88 (2d Cir. 2023).[14]

Federal law authorizes the United States government to file a tax collection action to reduce an IRS tax assessment into a monetary judgment. *See United States v. Schwartz*, 615 F. Supp. 3d 184, 188 (E.D.N.Y. 2022) (citing 26 U.S.C. § 7402(a)). When the government files a collection action, "[i]t is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a *prima facie* case of liability, such that the Government is entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct." *Ibid.* In other words, "[a] government tax assessment is generally presumed to be correct, and a taxpayer who contests such an assessment bears the burden of proving that it is not." *Papandon v. United States ex rel. Perler*, 350 F. App'x 491, 493 (2d Cir. 2009) (summary order); *see also United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994) (same).

---

[14] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

Alongside its motion for summary judgment, the government has submitted IRS Forms 4340 detailing the amounts owed by the Kolades for each year from 2011 to 2019.[15] These submissions entitle the government to the presumption of correctness and shift the burden of proof to the Kolades. In order to defeat summary judgment, the Kolades must show not only that the IRS's assessments are incorrect but also the correct amount of their tax burden. *See United States v. Morgan*, 2020 WL 4586496, at *4 (D. Conn. 2020). They must do so by providing "specific evidence" of their proper tax liability. *Ibid.*

The Kolades have not done that. To begin with, they rely on a theory and evidence that they failed to disclose during discovery. During discovery, the government asked the Kolades to "[p]lease explain why [they] believe the assessments are inaccurate."[16] The Kolades responded that they were owed refunds for earlier years and also that the penalties imposed by the IRS were confiscatory and overbearing.[17] They did not claim—as the Villarosa affidavit now suggests—that the income they had reported on their returns was incorrect because their accountants made errors. When Ebenezer Kolade was later deposed one day before the close of discovery, he suggested in vague and confusing terms that his income should have been reported differently on the tax returns.[18]

It is a general rule that a party may not "sandbag the opposing party with late-disclosed evidence to try to defeat summary judgment." *Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC,* 2024 WL 98420, at *9 (D. Conn. 2024) (citing cases). But that is what the Kolades seek to do here.

---

[15] *See generally* Doc. #19-12.
[16] Doc. #19-13 at 1.
[17] *Id.* at 1-2.
[18] Doc. #23-1 at 13-16.

It would be one thing if the evidence now proffered by the Kolades could not have previously been known or discovered. But the new evidence comes from an attorney/accountant of the very same law firm that has been representing the Kolades since the filing of this case. The law firm's website boasts of its specialization in complex tax and business issues.[19] If there were any legitimate reason to believe that the Kolades' accountants had mischaracterized their income, it would have been clear to the Kolades' expert counsel early in this case and properly disclosed during the course of discovery.

On top of all this, the source of the new theory and evidence is improper. Villarosa is an attorney in the same law firm that represents the Kolades. For obvious reasons of conflict of interest, this Court's rules do not generally allow lawyers to call their own colleagues as witnesses to give evidence in federal court cases. An attorney must withdraw if the attorney "learns or it is obvious that … she or a lawyer in the same firm ought to be called as a witness on behalf of the client." D. Conn. L. R. Civ. Pro. 83.13(b).

Even if I were to overlook these procedural defects, the materials proffered by the Kolades do not prove the correct amount of the tax as required to defeat summary judgment. To be sure, the Kolades' general strategy—namely, offering new tax returns paired with the testimony of an expert preparer—might be valid under the right circumstances. For example, in *United States v. Hughes*, 44 F. Supp. 3d 169, 170, 174 (D. Mass. 2014), the taxpayer defendants commissioned an accountant to prepare new returns that contradicted the government's assessment. The expert's affidavit ran 32 pages in length and broke down the defendant's liability by year and tax category, including pointing out specific errors made in the

---

[19] *See* Stuart B. Ratner, P.C., https://www.ratnerlawfirm.com/ (last accessed Mar. 21, 2024).

government's assessments.[20] It also explained how the expert arrived at his conclusions and identified the parts of underlying financial records that supported those determinations.[21]

Here, by contrast, the Kolades offer a three-page affidavit packed with conclusory statements.[22] For example, Villarosa asserts that "the accountants/tax preparers mischaracterized the payments received by the Defendants as officers' compensation in New Era's Form 1120S … and then mischaracterized that same income as self-employment 'Schedule C' income on the Defendants' Form 1040."[23] But she offers no further explanation for this conclusion. Nor does she provide any of the underlying income records necessary to substantiate it. The amended tax returns filed by the Kolades contain similarly conclusory statements in their "Explanation of Changes" sections at the end of the returns.[24]

As the Second Circuit has noted, "[a]n expert's opinions that are without factual basis and are based on speculation or conjecture are … inappropriate material for consideration on a motion for summary judgment," and "[a]n expert's conclusory opinions are similarly inappropriate." *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). More generally, "in order to resist a motion for summary judgment, a plaintiff's affidavit must be based upon concrete particulars, not conclusory allegations." *Tassy v. Buttigieg*, 51 F.4th 521, 531 (2d Cir. 2022).

---

[20] *See generally United States of America v. Hughes*, 4:12-cv-40025 (TSH), Doc. #64-3.
[21] *See, e.g.*, *id.* at 4 (¶ 14).
[22] *See* Doc. #23-2 at 1-2 (¶¶ 5-9).
[23] *Id.* at 2 (¶ 6).
[24] Each of the amended returns states without further explanation that the Kolades at some point in time "received an amended K-1s" from New Era Rehabilitation Center Inc. that "reclassified the amounts paid to the shareholders from Officers Compensation to non taxable distributions," and that the Kolades' accountant had "misclassified" the "tax-free distributions" as "Business Income" on the Kolades' return and that "[t]he distributions should be treated as non-taxable distributions since the Taxpayers have sufficient Accumulated Adjustment Account in New Era." *See, e.g.*, Doc. #23-3 at 2.

In short, I conclude that the Kolades have failed to rebut the presumption of correctness that attaches to the government's tax assessments. The evidence offered was not timely and was not properly disclosed. Nor does it come from a proper source. And it is conclusory. Accordingly, I will grant the government's motion for summary judgment.

## CONCLUSION

For the reasons stated above, the Court GRANTS the government's motion for summary judgment (Doc. #19). Judgment as to the Kolades' federal income tax liabilities for 2011 through 2019 shall enter in the total amount of $2,908,024.35, plus statutory additions from and after May 26, 2023, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

It is so ordered.

Dated at New Haven this 21st day of March 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge