UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States,<br><br>                 Plaintiff,<br><br>v.<br><br>Ebenezer A. Kolade *et al.*,<br><br>                 Defendants. | Civil No. 3:22-cv-00459-KAD<br><br><br>February 18, 2025 |

**RECOMMENDED RULING ON MOTION**

The plaintiff, the United States ("the Government") requests an order restraining the defendants, Ebenezer A. Kolade and Christina M. Kolade, from encumbering, liquidating, transferring, or disposing of certain repatriated assets. (ECF Nos. 55, 64.) The defendants object in part and agree in part with the Government's request. (ECF No. 62.) United States District Judge Jeffrey A. Meyer referred the Government's motion to me, Magistrate Judge Thomas O. Farrish. (ECF No. 57.) The case has since been reassigned to the Hon. Kari A. Dooley. For reasons discussed in further detail below, I recommend that Judge Dooley grant the outstanding portion of the Government's motion.

**I.     BACKGROUND**

In 2022, the Government brought a civil action against the defendants, Ebenezer A. Kolade and Christina M. Kolade, for their unpaid federal income tax liabilities. (ECF No. 1.) On March 22, 2024, the Court granted summary judgment in favor of the United States, and entered a judgment against the defendants for $2,908,024.35, "plus statutory additions from and after May 26, 2023" and "including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)." (ECF No. 35 at 7.) On April 10, 2024, the Court issued a writ of *ne exeat republica*

to restrain the defendants from departing the jurisdiction of the Court, given their significant ties to Nigeria and their apparent intention to permanently live there. *United States v. Kolade*, 3:24-mc-00042-JAM, ECF No. 6. The defendants were ordered to give security in the amount of $3,100,000.70 and were "prohibited during the pendency of [the] proceedings from transferring, assigning, encumbering, or in any other way alienating any property belonging to them." *Id.* They were also ordered to produce "all books and records of their assets, to determine the value and extent of their assets, wherever located and however held." *Id.*

Between April 18, 2024 and October 31, 2024, the parties underwent a period of collection discovery. (ECF Nos. 41, 42.) During this period, the Government collected evidence suggesting that the defendants had "effectively moved assets overseas." (ECF No. 51 at 3.) In the November 29, 2024 status report, the Government reported that the defendants had shipped "artwork, home furniture, office furniture, and a grandfather clock valued as at least $64,250 to Nigeria." (*Id.* at 4-5.) The defendants did not deny the transfer of items to Nigeria, but stated that the property was "of little value." (*Id.* at 8-9.)

On December 11, 2024, the Government filed the instant motion, requesting that the Court enter an order requiring the defendants to: (1) repatriate asserts held overseas; and (2) "not otherwise encumber, liquidate, transfer, or dispose of those items unless under further order of the Court." (ECF No. 55 at 1.) The Government alleged that the defendants had sent a shipping container to Nigeria containing items left over from the sale of their Connecticut house, including artwork and furniture. (*Id.*) On December 23, 2024, the Court issued a show cause order, directing the defendants to "show cause, by January 3, 2025, why the Motion for a Repatriation Order should not be granted." (ECF No. 60.) The Court also directed the defendants to state whether they wanted a hearing on the motion. (*Id.*) On January 3, 2025, the defendants filed an objection to

the Motion for Repatriation Order. (ECF No. 62.) The defendants did not outright oppose the Government's motion, but instead argued that the scope of the order should be limited to the artwork in question. (*Id.* at 2-3.) They stated that the artwork had already been repatriated to the United States and was currently being held by counsel "awaiting further instruction from the Plaintiff." (*Id.* at 1.) Regarding the furniture, the defendants said that it was either broken or had been disposed of in the "ordinary course as worn, broken, soiled or otherwise nonfunctioning." (*Id.* at 2.) They did not seek a hearing on the motion. (*Id.* at 3.)

In response to the defendants' representations, the Government narrowed the scope of its motion. It withdrew its request for an order "requiring that the Kolades repatriate the assets identified in the United States' motion," but maintained its request for an order directing the Kolades "not to encumber, liquidate, transfer, or dispose of the identified personal assets unless under further order of the Court." (*Id.* at 2-3.) The defendants did not seek permission to file a sur-reply pursuant to Local Rule 7(d), and no party requested oral argument or a hearing. The motion is now fully briefed and ripe for decision.

## II. DISCUSSION

The Government seeks relief pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), which provides the "exclusive civil procedures" for the Government to recover on judgment debts owed to it. 28 U.S.C. § 3001(a). The FDCPA authorizes enforcement of a judgment by "any of the remedies set forth in this subchapter," 28 U.S.C. § 3202(a), including writs of execution, installment payment orders, and garnishment. *See* 28 U.S.C. §§ 3203, 3204, 3205. Courts are also authorized to issue other writs pursuant to 28 U.S.C. § 1651, the All Writs Act, "as necessary to support such remedies." 28 U.S.C. § 3202(a). Under the All Writs Act, federal courts are authorized to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Act

empowers district courts to issue orders or injunctions "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977). An injunction issued under the All Writs Act must be "specific and definite enough to apprise those within its scope of the conduct that is being proscribed," and "those subject to the injunction" must "receive appropriate notice of its terms." *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 339 (2d Cir. 1985).

The All Writs Act allows for post-judgment injunctive relief, such as the restraining order the Government requests here. *See United States v. Yielding*, 657 F.3d 722, 726 (8th Cir. 2011) (upholding order issued under the All Writs Act that restrained a restitution debtor from diverting or concealing assets); *United States v. Haddad*, No. 3:18-CR-571-B-1, 2022 WL 347609, at *5 (N.D. Tex. Feb. 4, 2022) (entering an order pursuant to the All Writs Act that restrained restitution debtor from transferring, selling, or disposing of assets); *S.E.C. v. Sassano*, No. 09 CIV. 5010 LBS GWG, 2011 WL 2161797, at *3 (S.D.N.Y. May 31, 2011), *report and recommendation adopted*, No. 09 CIV. 5010 LBS GWG, 2011 WL 2693881 (S.D.N.Y. July 11, 2011) (collecting cases); *cf. United States v. Catoggio*, 698 F.3d 64, 67 (2d Cir. 2012) (concluding that the All Writs Act permits restraint of a defendants' assets in anticipation of an order of restitution). In *United States v. Abdelhadi*, for example, the Government sought an order preventing the defendant from "transferring, selling . . . or attempting or completing any action that would affect or diminish the marketability or value of [his] property subject to restitution." 327 F. Supp. 2d 587, 592 (E.D. Va. 2004). The court issued an order and later reaffirmed its decision to do so, holding that a court may enter a restraining order if: "(i) by doing so, the court will give effect to a previously-issued order[,]" and "(ii) there is reason to believe that the restraining order is necessary for payment of

a fine or restitution." *Id.* at 599. The court also concluded that, though there were other remedies available to the government that it could use collect the restitution, "none [could] be instantly implemented and none ensure[d] that, in the interim, defendant's assets [would] not be secreted, wasted or placed beyond the reach of the victim or the government." *Id.* at 601.

The two prongs used by the *Abdelhadi* court are both satisfied here. First, the restraining order that the Government seeks is intended to effectuate the previously-issued order of judgment. (ECF No. 35.) Second, there is sufficient reason to believe that the restraining order is necessary to ensure the future availability of the defendants' property to satisfy the judgment. The defendants have a well-established pattern of attempting to moving money and other assets out of the Court's jurisdictional reach, and there is a reasonable likelihood that they will continue to make efforts to transfer, sell, or dispose of their assets. Moreover, the defendants have not objected to the Government's request to restrain them from encumbering, liquidating, transferring, or disposing of the repatriated items. Indeed, the defendants' proposed order includes such a restriction. (*See* ECF No. 62 at 4.) The proposed restraining order also appears sufficiently "specific and definite . . . to apprise those within its scope of the conduct that is being proscribed." *In re Baldwin-United Corp.*, 770 F.2d at 339.

The defendants request, if the repatriated artwork is sold at auction, that they be credited by "the greater of the auction proceeds or $45,000, the value of the artwork as identified by the Plaintiff." (ECF No. 62 at 2.) The Government objects to this request, stating that the $45,000 value for the artwork did not come from the Government, but rather was provided to the shipping company by the defendants. (ECF No. 64 at 3 & n.2.) The Government instead suggests that the defendants receive credit against their judgment equal to the proceeds of the sale. (*Id.*) The Government's proposal is more in line with the execution sale procedure laid out in the FDCPA.

5

*See* 28 U.S.C. § 3203. When a judgment debtor's property is sold pursuant to a writ of execution, the United States marshal makes the necessary deductions and delivers the balance of the proceeds to counsel for the United States. 28 U.S.C. § 3203(h)(1). If the proceeds received from the sale exceed what is necessary to satisfy the execution, the excess is returned to the debtor. 28 U.S.C. § 3203(h)(1)(D). If the proceeds are insufficient to satisfy the execution, the United States marshal will levy other property of the judgment debtor. 28 U.S.C. § 3203(h)(2). In sum, the statute only looks to the actual proceeds of the sale—not the debtor's proffered "value" of the property being sold. The most appropriate option would be to apply the proceeds of the sale to the judgment.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court grant the remaining portion of the Government's motion, and enter the following order:

**IT IS ORDERED THAT the defendants, Ebenezer A. Kolade and Christina M. Kolade, are enjoined from encumbering, liquidating, transferring, or disposing of the items of property identified on page five of the United States' December 11, 2024 submission at ECF No. 55, unless approved in advance by the United States or upon further order of the Court. IT IS FURTHER ORDERED THAT the proceeds of any sales of any such items of property, less costs of sale, be paid to the United States for application toward the defendants' tax debts.**

This is a recommended ruling by a magistrate judge. *See* Fed. R. Civ. P. 72(b)(1); *LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995) (expressing doubt about a Magistrate Judge's authority under 28 U.S.C. § 636(b)(1)(A) to finally determine a post-judgment motion, because that grant of authority is limited to "pretrial" matters); *United States v. Pappas*, 546 F. App'x 63, 64 (2d Cir. 2013) (summary order) (holding that "the result is no different" if "the district court's referral was pursuant to the catch-all provision of § 636(b)(3)," because "[m]atters assigned under

that provision are not subject to a final determination by the magistrate judge"); *see also Found. Cap. Res., Inc. v. Prayer Tabernacle Church of Love, Inc.*, No. 3:17-cv-135 (JAM) (TOF), 2021 WL 3863428, at *13 (D. Conn. Apr. 30, 2021), *report and recommendation adopted*, 2021 WL 3861794 (D. Conn. Aug. 30, 2021). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order. *See* Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; *Impala v. United States Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit)*; Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

                                                                                      */s/ Thomas O. Farrish*
                                                                               Hon. Thomas O. Farrish
                                                                       United States Magistrate Judge